**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (284397)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 112334

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BWP Media USA, Inc. d/b/a Pacific Coast News | Docket No: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Vensoft, Inc. | |
| Defendant. | |

BWP Media USA, Inc. (referred to herein as "*Plaintiff*"), by and through its undersigned counsel, for their Complaint against Defendant Vensoft, Inc. (referred to herein as "*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover for copyright infringement. Plaintiff herein provides entertainment-related photojournalism goods and services and owns the rights to photographs featuring celebrities which they license to online

and print publications. Plaintiff has obtained U.S. copyright registrations covering many of its photographs, and many others are the subject of pending copyright applications.

2. Defendant owns and operates a website known as www.morningcable.com (the website is referred to herein as the "*Website*") and, without permission or authorization from Plaintiff actively copied, stored, modified, and/or displayed Plaintiff's photograph on the Website without permission or authorization from Plaintiff and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

3. Plaintiff is a California Corporation and maintains its principal place of business in Los Angeles County, California.

4. On information and belief, Defendant Vensoft Inc., is an Arizona corporation with a principal place of business in Maricopa County, Arizona.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

6. This Court has personal jurisdiction over Defendant because while it maintains its principal place of business in Arizona, it purposely directs substantial activities at the residents of California by means of the Websites. This Court therefore has personal jurisdiction over the Defendant under the applicable long-arm jurisdictional statutes of California.

7. Additionally, Plaintiffs' claims arise out of or results from Defendant's forum-related activities as the Infringements (hereinafter defined) are on the same Websites that are targeting California residents. See *Mavrix*

*Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011).

8. Venue is proper under 28 U.S.C. §1391(a)(2) because Plaintiff does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

9. Plaintiff is the legal and rightful owner of photographs which they license to online and print publications.

10. Plaintiff has invested significant time and money in building its photograph portfolios.

11. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of their photographs while many others are the subject of pending copyright applications.

12. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

13. The Website is a popular and lucrative enterprise that purposefully displays celebrity and/or news photographs, including Plaintiff's copyrighted photograph.

14. The Website is monetized in that it contains paid advertisements and/or sells merchandise to the public and, on information and belief, Defendant profit from these activities.

15. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed Plaintiff copyright protected photograph (referred to herein as the "*Photograph*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

16. On information and belief, the Photograph was copied, modified,

stored and/or displayed without license or permission, thereby infringing on their copyrights (referred to herein as the "*Infringement*").

17. As is set forth more fully in Exhibit "1", the Infringement contains the URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

18. The Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

19. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying Plaintiff's Photograph.

20. On information and belief the Photograph was posted to the Website by an employee of Defendant on March 2, 2016.

21. On information and belief the Photograph was posted to the Website by an agent of Defendant on March 2, 2016.

22. On information and belief the Photograph was posted to the Website by a contracted retained by Defendant.

23. On information and belief, the Photograph was not posted to the Website by a user was that term is defined by 17 U.S.C. §512.

24. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

25. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which forms the basis of this complaint,

since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

26. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

27. On information and belief, the Photograph is readily identifiable as copyright-protected as it contains a copyright watermark on the image, thereby making the Infringement willful as a matter of law.

28. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

29. On information and belief, Defendant's employees and agents had complete control over and actively reviewed and monitored the content posted on the Website.

30. On information and belief, Defendant's employee and agents actively review, modify and delete or "cleaned" postings, articles and threads on the Website.

31. On information and belief, Defendant has received a financial benefit directly attributable to the Infringement. Specifically, by way of the Infringement, the Website had increased traffic to the and, in turn, realized an increase to its advertising revenues and/or merchandise sales.

32. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

33. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

34. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

# FIRST COUNT
## *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

35. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

36. The Photograph is an original, creative work in which Plaintiff owns a valid copyright properly registered with the United States Copyright Office.

37. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyright to Defendant.

38. Without permission or authorization from Plaintiff and in willful violation of their rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

39. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

40. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

# SECOND COUNT
## *(Vicarious Copyright Infringement)*

41. Plaintiff repeats and incorporates, as though fully set forth herein,

each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

42. At all material times hereto, on information and belief, Defendant had the legal right and practicable ability to supervise, control, limit, and stop the infringing conduct of its employees, agents and members, and yet, Defendant declined to exercise such right and ability in the instant case.

43. For example, on information and belief, Defendant had the practicable ability to police the images on the Website when their employees and agents edited, modified and/or interacted with the Photograph and, therefore, had the right and ability to supervise and control the infringing Photograph.

44. As a direct and proximate result of Defendant's refusal to exercise its right to stop or limit the infringing conduct, on information and belief, Defendant's members have continued to infringe upon Plaintiff's Photograph, which, in turn, generates profits for Defendant directly from the use of the Infringement.

45. On information and belief, Defendant enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, *inter alia*, advertising revenue derived from the increased traffic to its Website and from increase in fees paid by sponsors.

46. On information and belief, Defendant further enjoyed a directed financial benefit from using the "draw" of Plaintiff's Photograph to increase user traffic, thereby increasing advertising revenue, sponsorship fees, partnership opportunities, brand awareness, and its readership base.

47. Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g., Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d. 1146, 1171

PLAINTIFF'S COMPLAINT
7

(9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

48. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
### *(Contributory Copyright Infringement)*

49. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

50. Defendant herein has caused enabled, facilitated and materially contributed to the infringement complained of herein by providing the tools and instruction for infringement via their Website and has directly and indirectly promoted the infringement while refusing to exercise its ability to stop the infringement made possible by their distribution.

51. Defendant had a continuing relationship with the individuals using the Website and thus Defendant's actions substantially contributed to the infringing activity.

52. Defendant's actions show a relationship to the infringing activity beyond just mere operation of a website business.

53. Defendant is liable as contributory infringer since they had actual and/or constructive knowledge of another's infringing conduct and induced, caused and/or materially contributed to that conduct. *See e.g., Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005); A&M Records, Inc.

v. Napster, Inc. 239 F.3d 1004, 1019 (9th Cir. 2001); *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984).

54. Defendant's conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff

55. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

- a. Statutory damages against Defendant pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement or, in the alternative, Plaintiff's actual damages and the disgorgement of Defendant' wrongful profits in an amount to be proven at trial; and
- b. A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and
- c. Plaintiff's attorneys' fees pursuant to 17 U.S.C. §505; and
- d. Plaintiff's costs; together with
- e. Such other relief that the Court determines is just and proper.

DATED: June 6, 2017

**SANDERS LAW, PLLC**

By: _/s/ Craig B. Sanders_
SANDERS LAW, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
csanders@sanderslawpllc.com
*Attorneys for Plaintiff*
File No.: 112334