# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-5456 FMO (KSx) | Date | August 11, 2017 |
|---|---|---|---|
| Title | BWP Media USA, Inc. v. Vensoft, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendant: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On July 24, 2017, plaintiff BWP Media USA, Inc. ("plaintiff") filed a Complaint against defendant Vensoft, Inc. ("defendant") alleging direct and contributory / vicarious copyright infringement. (See Dkt. 1, Complaint at ¶¶ 35-55). Plaintiff alleges that the court has subject matter jurisdiction because this case arises out of a violation of federal law. (See id. at ¶ 5). Plaintiff further alleges that venue is proper because "Plaintiff does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District." (Id. at ¶ 3).

"In copyright infringement actions, venue is proper 'in the district in which the defendant . . . resides or may be found.'" Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1126 (9th Cir. 2010) (quoting 28 U.S.C. § 1400(a)). "Thus, in order to determine whether venue is proper in this District, the Court must determine whether it has personal jurisdiction over defendant." L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC, 2017 WL 1535084, *2 (C.D. Cal. 2017). A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when defendants' contacts with the forum state are "so continuous and systematic as to render [them] essentially at home." Id. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over nonresident defendants if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-5456 FMO (KSx) | Date | **August 11, 2017** |
|---|---|---|---|
| Title | **BWP Media USA, Inc. v. Vensoft, Inc.** | | |

Here, plaintiff merely states in a conclusory manner that defendant "purposely directs substantial activities at the residents of California by means of [its] Websites" and that the websites "are targeting California residents." (See Dkt. 1, Complaint at ¶¶ 6-7). Defendant is an Arizona corporation with its principal place of business in Maricopa County, Arizona, (see id. at ¶ 4), and, "merely 'doing business' in a forum" is insufficient for purposes of general jurisdiction or specific jurisdiction. See Unicolors Inc. v. Myth Clothing Co., Inc., 2016 WL 738289, *4-5 (C.D. Cal. 2016). Plaintiff has otherwise not alleged any specific contacts between defendant and the state of California or how its causes of action arise out of or relate to those contacts. (See, generally, Dkt. 1, Complaint). Plaintiff's bare assertion that defendant maintains websites is also insufficient. See Mission Trading Co., Inc. v. Lewis, 2016 WL 6679556, *3 (N.D. Cal. 2016) (maintenance of a passive website, alone, cannot satisfy specific jurisdiction); Asmodus, Inc. v. Ou, 2016 WL 7049244, *2 (N.D. Cal. 2016) ("the allegations do not establish that a substantial part of the events underlying the claims occurred here . . . the allegations do not establish that any of the defendants named in the copyright infringement claim are amendable to personal jurisdiction" in the district). Finally, although plaintiff cites Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218 (9th Cir. 2011), cert. denied, 565 U.S. 1157 (2012), (see Dkt. 1, Complaint at ¶ 7), plaintiff has failed to allege any facts suggesting defendant did "something more" than just maintaining a passive website. See Mavrix, 647 F.3d at 1229 ("we have held that operating even a passive website in conjunction with something more – conduct directly targeting the forum – is sufficient") (internal quotation marks omitted).

Accordingly, IT IS ORDERED that no later than **August 21, 2017**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue.**

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |